UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C21-595-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1976.[1] Plaintiff has a high school diploma and at least some college education, and his previous jobs include security guard, locker room attendant, automobile mechanic, and automobile service writer. AR 30, 367. Plaintiff applied for Disability Insurance

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Benefits and Supplemental Security Income in October 2017, alleging disability beginning January 1, 2015. AR 330-37. The applications were denied at the initial level and on reconsideration. AR 193-208, 211-24. In May 2019 and March 2020, two different ALJs held hearings and took testimony from Plaintiff, a medical expert, and a vocational expert (VE). AR 39-90. In March 2020, an ALJ issued a decision finding Plaintiff not disabled. AR 15-38. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review in September 2020 (AR 10-14), making the ALJ's decision the final decision of the Commissioner. Plaintiff appeals this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ must determine whether the claimant is gainfully employed. The ALJ

found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 21.

At step two, the ALJ must determine whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's personality disorder, anxiety disorder, and depressive disorder. AR 21.

At step three, the ALJ must determine whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 21-22.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff able to perform a full range of work at all exertional levels with the following non-exertional limitations: he can engage in unskilled, repetitive, routine tasks in two-hour increments. He can have no contact with the public. He is capable of working in proximity to, but not in coordination with, co-workers. He can have occasional contact with supervisors. He will be 15 percent off-task, but can still meet the minimum production requirements of the job. He will be absent from work one day per month. AR 22. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 30.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of performing other jobs, such as work as a laundry worker, kitchen helper, store laborer/warehouse worker. AR 31.

Plaintiff and the Commissioner agree that the ALJ erred in assessing the medical opinion evidence, but disagree as to the remedy for these errors. Plaintiff requests remand for a finding of

ORDER
PAGE - 3

disability, and the Commissioner contends that a remand for further administrative proceedings is the appropriate remedy.

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)); *accord Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021).

In this case, the parties agree that the first requirement has been met. Dkt. 17 at 1, Dkt. 18 at 6. The Court finds that Plaintiff has not satisfied the second requirement because the ALJ provided several reasons to discount Plaintiff's allegations of disability (AR 22-24), and that analysis is unchallenged. *See* Dkt. 13 at 1 (opening brief assigning error only to the ALJ's

ORDER
PAGE - 4

assessment of medical opinion evidence). The ALJ explained that he found Plaintiff's allegations were not entirely consistent with the medical evidence and other evidence in the record, citing Plaintiff's normal examination findings, evidence of Plaintiff's improvement when compliant with treatment, evidence of Plaintiff exaggerating symptoms, and evidence of inconsistencies between Plaintiff's allegations and his activities. AR 22-24.

Under these circumstances, the Court finds that conflicts exist in the record regarding the severity of Plaintiff's limitations such that further proceedings would serve a useful purpose. Although Plaintiff urges the Court to focus on whether crediting the improperly rejected medical opinion evidence would support a finding of disability (*e.g.*, Dkt. 18 at 6), the Court declines to skip to the third requirement, without pausing to first consider whether conflicts in other parts of the record suggest that further proceedings would be useful. *See Leon*, 880 F.3d at 1046 (instructing that "[a] district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether any issues are outstanding, as 'this reverses the required order of analysis'" (quoting *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015)); *Dominguez*, 808 F.3d at 409 ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution.").

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall reconsider the medical opinion evidence and reconsider any other part of the decision as necessary.

DATED this 8th day of February, 2022.

MARY ALICE THEILER
United States Magistrate Judge